IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00853-O-BP |
| | § | |
| SYSONGKHAM INTHIRATH et al., | § | |
| | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Remand Based on Lack of Subject Matter Jurisdiction (ECF No. 13), filed on January 9, 2018. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on October 20, 2017. ECF No. 7. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Motion for Remand Based on Lack of Subject Matter Jurisdiction (ECF No. 13) and **ADOPT** the 48th District Court's Final Judgment dated August 23, 2017 (ECF No. 13-3) as this Court's own.

BACKGROUND

The following are the undisputed facts from Plaintiff's Motion for Remand (ECF No. 13) and attached exhibits. The Bank of New York Mellon (the "Plaintiff") initiated this lawsuit in the 48th District Court of Tarrant County, Texas, on March 23, 2017, in order to vindicate its title to and interest in the property located at 5281 Placid Drive, Haltom City, Texas (the "Property"). ECF No. 13 at 1. The Plaintiff filed suit against Sysongkham Inthirath, Cindy Inthirath, Placid Land Trust, and Spring Lake Home Owners Association (collectively, the "Defendants"). *Id.* Of the Defendants, only Placid Land Trust filed an Answer. *See id.* On July 17, 2017, the Plaintiff

filed a Motion for Summary Judgment in the 48th District Court. *Id.* at 1–2; ECF No. 13-2. None of the Defendants responded to the Motion for Summary Judgment. ECF No. 13 at 4; No. 13-4. The 48th District Court granted the Motion for Summary Judgment through the entry of a Final Judgment on all claims and relief on August 23, 2017. ECF No. 13 at 1–2; ECF No. 13-3. On the same day, Placid Land Trust filed a notice of removal in this Court and in state court based upon diversity jurisdiction. ECF No. 3; No. 13 at 2; No. 13-4 at 2. The state court docket sheet confirms that the 48th District Court received the notice of removal after it entered its order of Final Judgment. ECF No. 13 at 5; No. 13-4 at 2.

Placid Land Trust filed its notice of removal in the Dallas Division of this Court. ECF No. 3 at 3. The assigned magistrate judge, David L. Horan, entered a Findings, Conclusion, and Recommendation on August 25, 2017. ECF No. 5. Judge Horan noted three defects concerning removal: (1) a defendant cannot remove a case to federal court on the basis of diversity jurisdiction if any defendant is a citizen of the state where plaintiff filed suit, as all Defendants were in this case; (2) Placid Land Trust may not have removed in a timely manner under 28 U.S.C. § 1446(a); and (3) Placid Land Trust did not file in the division in which the action was pending, which division was properly the Fort Worth Division. ECF No. 5. Judge Horan recommended the third defect be corrected via transfer to the Fort Worth Division, which occurred on October 20, 2017. *Id.* at 3–5; ECF No. 6.

Plaintiff filed its Motion for Remand Based on Lack of Subject Matter Jurisdiction on January 9, 2018. ECF No. 13. The Defendants have not filed a response despite the Court notifying them of the deadline to respond and, though they did not seek an extension, twice extending the response deadline *sua sponte*. ECF Nos. 14–16. In fact, the Defendants have not made any filings beyond their original notice of removal (ECF No. 3), did not appear at a court-ordered hearing

(ECF No. 11), and have not communicated with this Court in any other manner.

**LEGAL STANDARD**

A party may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction of an action between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal statutes are strictly construed in favor of remand and against removal. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Removal is effected when the defendants give notice to the federal court, all adverse parties, and the state court. 28 U.S.C. 1446(d); *see also Hampton v. Union Pac. R. Co.*, 81 F. Supp. 2d 703, 706 (E.D. Tex. 1999) (collecting cases). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal, but a district court must remand a case if at any time before final judgment it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Motions to challenge subject matter jurisdiction are brought under Federal Rule of Civil Procedure 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A "district court has

the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Khalil v. Hazuda*, 833 F.3d 463, 466 (5th Cir. 2016) (quoting *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010)).

## ANALYSIS

In Plaintiff's Motion to Remand, Plaintiff does not dispute that complete diversity exists in this case. In addition, though a number of procedural defects existed concerning the removal in this case, these defects are waived due to Plaintiff's failure to raise them in a timely fashion. ECF No. 5. Therefore Plaintiff's only possible ground for remand is lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Plaintiff makes two arguments for remand on this ground. First, it argues that the case should be remanded under the *Rooker-Feldman* doctrine. Second, it argues that the claims before this Court are moot as there exists no live controversy. While these arguments are unavailing, Plaintiff's evidence has made clear that there exists a valid state-court judgment in this case, which the undersigned recommends that the Court adopt as its own.

## I.    The *Rooker-Feldman* Doctrine

Plaintiff argues that the case should be remanded under the *Rooker-Feldman* doctrine. ECF No. 13 at 3. "The *Rooker–Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment." *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 Fed. App'x 22, 24 (5th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)); *see also Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that under

the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments"). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

The central error in this argument is that the *Rooker-Feldman* doctrine does not apply because the Defendants have not brought a separate case to overturn a state-court judgment nor have they made a collateral attack on a state-court judgment. Removal does not create a new case; "it is a means of bringing cases within federal courts' original jurisdiction into those courts . . . ." 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (4th ed. 2018). The Defendants have not made any request to overturn the state court's Final Judgment in this case, and removal—the only action taken by a defendant in this case—does not change the effect of any of the state-court proceedings. 28 U.S.C. § 1450; *In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 435–36 (1974)) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system."). The state-court judgment is still in effect in this case. *See* 28 U.S.C. § 1450; *see also Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) ("The default judgment [entered by the state court] was in effect and continued in effect when the case was removed to the federal court."). The undisputed facts in the record show that Defendant Placid Land Trust did not provide notice of removal to the state court until after that court entered its Final Judgment in this case. ECF No. 13-4 at 2. Removal was therefore not effected until after the state-court judgment had been entered. *See* 28 U.S.C. 1446(d); *Hampton*, 81 F. Supp. 2d 703, 706 (E.D. Tex. 1999). The *Rooker-Feldman* doctrine does not apply because the state judgment is

still in effect after removal and the Defendants have not sought to overturn it, in this or a separate

case.

## II.   Mootness

Plaintiff also argues that the case should be remanded as moot. ECF No. 13 at 4–5. "Simply

stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)

(quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A claim can become moot if (1) it can

be said with assurance that there is no reasonable expectation that the alleged violation will recur,

and (2) interim relief or events have completely and irrevocably eradicated the effects of the

alleged violation. *Id.* "The burden of demonstrating mootness 'is a heavy one.'" *Id.* (citing *United*

*States v. W. T. Grant Co.*, 345 U.S. 629, 632–633 (1953)).

A case is not moot when appeal is pending or timely. The Supreme Court makes a

distinction between (1) "the definitive mootness of a case or controversy, which ousts the

jurisdiction of the federal courts and requires dismissal of the case," and (2) "a judgment in favor

of a party at an intermediate stage of litigation, which does not in all cases terminate the right to

appeal." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 335 (1980). Plaintiff

argues that the first part of this distinction applies to the instant case and that the court therefore

has no jurisdiction. But it is clear that the second part instead applies, as the state court's final

judgment was only a judgment at an intermediate stage of litigation that did not terminate the right

to appeal. If this case remained with the state court on the day the state court entered judgment, it

would be inarguable that the case was not moot on that day, because the Defendants still had the

opportunity to seek relief from the trial court while it still had plenary power over the case or

appeal within thirty days. Tex. R. Civ. P. 329b; Tex. R. App. P. 26.1. Nor was the case rendered

moot when Placid Land Trust removed it to federal court because, as said previously, removal is a change of jurisdiction rather than a newly created case or a request for review. *See* 14B Wright & Miller, Federal Practice and Procedure § 3721.

A defendant can remove a case to federal court in which a state court has entered a final judgment. *See Murray*, 770 F.2d at 463 (holding that removal was perfected after the state court entered default judgment but that the district court could consider a motion to set aside the default judgment under Federal Rule of Civil Procedure 60). Removal is not allowed when a proceeding "had reached a truly final state court judgment—that is, where the state court judgment was no longer subject to modification by the rendering court or subject to further direct appellate review." *Oviedo v. Hallbauer*, 655 F.3d 419, 423 (5th Cir. 2011). Such is not the case here, as Placid Land Trust removed the case the day the state court entered its final judgment, after which the Defendants had thirty days to seek relief from the judgment in the trial court or appeal. Tex. R. Civ. P. 329b; Tex. R. App. P. 26.1. Therefore the case was not moot when removed, and is not moot here.

## III.    Adopting the State-Court Judgment

The Court properly has jurisdiction over this case after removal. The true issue before the Court is the validity of the state-court judgment and the proper procedure for further proceedings in this Court.

The United States Court of Appeals for the Fifth Circuit has considered somewhat similar cases to the instant case in the context of insolvent financial institutions. *See, e.g., F.D.I.C. v. Kahlil Zoom-In Markets, Inc.*, 978 F.2d 183 (5th Cir. 1992); *In re 5300 Mem'l Inv'rs*, Ltd., 973 F.2d 1160 (5th Cir. 1992); and *In re Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992). These cases have similar fact patterns: the state court had rendered a judgment, and then the Federal Deposit

Insurance Corporation ("FDIC") or a similar federal entity removed the case to federal court under

a statute that allowed the removal of such a case. *Kahlil*, 978 F.2d at 184; *5300 Mem'l Inv'rs*, 973

F.2d at 1161–62; *Meyerland*, 960 F.2d at 514–16. In every case, the court affirmed that the federal

entity validly removed the cases after the state court entered judgment but while appeal was

pending or available. *Kahlil*, 978 F.2d at 184; *5300 Mem'l Inv'rs*, 973 F.2d at 1162; *Meyerland*,

960 F.2d at 519–20; *see also Resolution Tr. Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir.

1994) (noting that the Ninth Circuit joins seven other circuits in ruling that such removals are

valid). *But see Meyerland*, 960 F.2d at 526 (Politz, C.J., dissenting) (arguing that removal of a

state appellate proceeding is improper if a party could not seek relief under Federal Rule of Civil

Procedure 60). Pertinently, in one of these cases, the Fifth Circuit found that the district court

below had "correctly entered the state court's judgment as its own" when

> it issued a one-page opinion stating that '[t]he July 26, 1990, order of the Court of
> Appeals will be adopted as an order of this court so that the parties may have the
> opportunity to pursue their appeals in the federal courts.' The opinion was
> accompanied by a contemporaneous judgment stating that '[t]he judgment signed
> on July 26, 1990, by the Texas Court of Appeals for the First District in Cause No.
> 01–88–00579–CV is ordered entered as the judgment of this court.'

*5300 Mem'l Inv'rs*, 973 F.2d at 1162–63; *accord Kahlil*, 978 F.2d at 184 ("A proper course for the

district court to take under these circumstances is set forth in *5300 Memorial Investors . . . .*"); *see*

*also Adams v. Georgia Gulf Corp.*, 00-12, 2000 WL 34507966, at *2 (5th Cir. May 18, 2000)

(remanding to the district court so that it could adopt the state court's order); *Resolution Tr. Corp.*,

42 F.3d at 1212 ("[A]doption of state court judgments on removal is not novel.").

These financial institution cases are not exactly on point, however, because they involve

different removal statutes that explicitly allowed the FDIC or similar entity to remove at any time,

a feature not contained within the general removal statutes under 28 U.S.C. §§ 1441–1451. *See,*

*e.g., Meyerland*, 960 F.2d at 515 n.5, 520–21 (declining to decide whether the general removal

statutes permit appellate removal, and cabining the court's holding to federal corporations utilizing the superseding removal statutes). In a non-binding but more on-point case, the United States District Court for the District of New Mexico considered whether it should remand a case that the defendant removed to federal court after the state court had dismissed the lawsuit for want of prosecution. *Nieto v. Univ. of N.M.*, 727 F. Supp. 2d 1176, 1179–80 (D.N.M. 2010). The plaintiff argued there that the court should remand the case because the court lacked subject matter jurisdiction. *Id.* at 1180. The plaintiff additionally indicated that he intended to file a motion to set aside the dismissal. *Id.* at 1195.

Relying in part on the line of financial institution cases from the Fifth Circuit, the *Nieto* court held that the state-court dismissal did not extinguish the case or controversy, and the court therefore had removal jurisdiction. *Id.* at 1186–88, 1193–94. The *Nieto* court noted that nothing in 28 U.S.C. § 1441 prohibited post-dismissal removal, as long as there was "time to insist on reconsideration or appellate review." *Id.* at 1191–92. The *Nieto* court concluded that it was "inclined to follow the procedure the Fifth and Ninth Circuits have proposed" of entering the state court's order as its own, but it decided to withhold "entering an order of dismissal and final judgment" to allow the plaintiff to file his intended motion to reinstate. *Id.* at 1195. The undersigned finds this case to be similar on its facts and persuasive in its resolution. As in *Nieto*, the proper procedure in the instant case is to allow removal and adopt the state court's final judgment as this Court's own.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Motion for Remand Based on Lack of Subject Matter Jurisdiction (ECF No. 13) and **ADOPT** the 48th District Court's Final

Judgment dated August 23, 2017 (ECF No. 13-3) as its own.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 22, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE